# STRAFFORD,

## JULY TERM, A. D. 1844.

### GALE *v.* EMERY.

If referees to whom the mutual accounts of parties have been committed by a rule of the court of common pleas, find for the plaintiff a balance less than $13.33, that does not furnish sufficient cause for the court to limit his costs, without other evidence that he had no reasonable expectation of recovering more.

ASSUMPSIT, founded on an account annexed to the plaintiff's writ, amounting to the sum of seventeen dollars forty-seven cents.

The writ was dated February 10, 1842, and the action was entered in the court of common pleas May term 1842, at which time the defendant filed an account in offset amounting to the sum of nineteen dollars and eighty-two cents.

At the August term of the court 1843, the action was referred, and at the January term 1844, the referee reported that the plaintiff recover of the defendant the sum of six dollars and ninety-eight cents and costs of reference, taxed at twenty-one dollars and forty cents, and costs of court to be by them taxed.

The offset filed by the defendant as well as the account annexed to the plaintiff's writ, were attached to the report of the referee, and this report was accepted.

The defendant's counsel then moved the court to limit the plaintiff's cost, but introduced no evidence, other than the report, that the plaintiff could have had no reasonable expectation of recovering more than $13.33.

And the court thereupon ordered the plaintiff's costs to be limited.

To this order of the court the plaintiff's counsel excepted.

*Wells*, for the plaintiff.

*Jordan*, for the defendant.

Woods, J. The statute provides, that "in all other actions commenced in the court of common pleas, if it shall appear to the justices of said court, that the plaintiff or plaintiffs had no reasonable expectation of recovering more than thirteen dollars and thirty-three cents in damages in such suit, the justices of said court may limit the plaintiff or plaintiffs in their costs to such sum as they may think just and reasonable." N. H. Laws 509.

The question to be decided, depends upon the construction that should be given to that statute, which was in force when the action was commenced, and embraces the action of assumpsit.

It is not quite clear that the statute embraces the case of a judgment rendered upon the report of referees. *Brown* v. *Mathes*, 5 N. H. 229; *Moore* v. *Heald*, 7 Mass. 467. But if it does, is the present a case in other respects falling within the provisions of the statute, and demanding the application of the remedy? Is this a case in which an action has been brought in the court of common pleas without a reasonable expectation on the plaintiff's part, that he should recover a greater sum than $13.33? It is the absence of this reasonable expectation, that alone justifies the interference of the court in the manner provided by the statute. *Stevens* v. *Gilson* 9 N. H. 106; *Ames* v. *Cady*, 6 N. H. 59. The object of the law has been supposed to be, to prevent actions properly cognizable by a justice of the peace, from being commenced in the court of common pleas, and swelling the costs to an unnecessary amount.

*Forsaith* v. *Clogston*, 3 N. H. 401; *Rumney* v. *Ellsworth*, 4 N. H. 225.

But the statute has not for its object to prevent the prosecution in the court of common pleas, of suits which involve fair matters of controversy exceeding that amount; or to limit the plaintiff's costs in all those cases, in which, through the chances that often attend litigation and determine its results, he has failed to recover so large a sum.

In limiting costs in the class of cases referred to, the statute imposes a sort of penalty for the unjust and oppressive proceeding of the plaintiff, in bringing his action in the court of common pleas, while he had no reasonable expectation of recovering a greater sum than he might have recovered before a justice of the peace, and have had execution for. Before the penalty can be imposed, therefore, the case requiring it must be established in proof. The wrong is not to be presumed; it must be proved.

It appears that the claim on which the action was commenced, exceeded the sum of $13.33, so that the suit does not appear upon the face of the writ to have been of the vexatious character described.

Nor is the result to which the referees arrived in finding a smaller sum to be due to the plaintiff, evidence that the suit was of that character. We can not draw such an inference from the fact that the jury has returned a verdict for a less sum. *Herrick* v. *Fuller*, 5 N. H. 247; *Ames* v. *Cady*, 6 N. H. 59. Nor from the fact that the plaintiff consents to receive a less sum when paid into court under the common rule. *Stevens* v. *Gilson*, 9 N. H. 106. Nor do we see any better reason for drawing such an inference from the award of referees being for a sum within the limit defined.

Besides, it does not appear that the sum allowed to the plaintiff by the referees was less than $13.33. Indeed, it is not improbable that something was allowed to the defendant upon the set-off which he exhibited; and if the plaintiff's claim was by such means reduced below that

Gale *v.* Emery.

sum, it has been decided not to afford ground for the inter-position of the court in limiting the costs. *Burbank* v. *Willoughby*, 5 N. H. 111. Such was held to be the construction of the law, even in a case in which the matter shown in offset might have been proved as payment.

Indeed, this is not merely a case in which no proof exists of the want of the reasonable expectation which the law requires, but is one in which there are strong grounds for the opposite inference, as the statute has been understood.

*Full costs allowed.*